IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN V. CLEVELAND, H60545, ) | |
| ) | |
| Plaintiff(s), ) | No. C 14-4277 CRB (PR) |
| ) | |
| vs. ) | ORDER OF DISMISSAL WITH |
| ) | LEAVE TO AMEND |
| EDMUND G. BROWN, Governor, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff, a prisoner at the California Training Facility (CTF) and frequent filer in federal court, has filed a pro se complaint under 42 U.S.C. § 1983 alleging denial of adequate medical and mental health care as a result of overcrowding in California's state prisons. Plaintiff names Governor Brown and alleges that the State of California has failed to comply with the remedial orders of the three-judge panel in the consolidated "overcrowding" class actions of Plata v. Brown and Coleman v. Brown. Plaintiff seeks damages and injunctive relief, namely release from custody.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such

|   |   |
|---|---|
| 1 | relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. |
| 2 | Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). |

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Plaintiff's claims against Governor Brown must be dismissed under the authority of § 1915A(b) because plaintiff alleges no facts demonstrating that Brown personally participated in, directed, or knowingly failed to prevent the alleged denial of adequate medical and mental health care at issue.  See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (setting forth requirements for establishing supervisory liability under § 1983); Ivey v. Bd. Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (liberal construction of pro se complaint may not supply essential elements of a claim that were not pled).  Nor is there any indication that plaintiff can allege any such facts.  Moreover, the remedial orders in Plata/Coleman requiring the State of California to reduce prison overcrowding to improve medical and mental health services to inmates does not give plaintiff cognizable claims for release merely because he also alleges deprivations arising from prison overcrowding.  Cf. Pride v. Correa, 719 F.3d 1130, 1136-37 (9th Cir. 2013) (state may invoke Plata/Coleman to preclude duplicative actions for systemic relief, but inmates seeking individual medical and mental health care may proceed as usual under § 1983).  The release from custody plaintiff seeks is not available under § 1983.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (precluding § 1983 claims which, if successful, "would necessarily imply the invalidity" of an inmate's conviction or sentence);

2

see also <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973) (when state prisoner seeks immediate or speedier release, his sole federal remedy is a writ of habeas corpus).

Plaintiff nonetheless will be afforded an opportunity to amend to allege facts in support of possible § 1983 claims of deliberate indifference to his serious medical and mental heath needs, if he can, and to name the correct defendants who participated in or failed to prevent the denial of adequate medical and mental health care at issue.  Plaintiff is reminded that a prison official is deliberately indifferent only if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:  Feb. 27, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.14\Cleveland, I.14-4277.dwlta.wpd

3